**No. P66/20.**—J. C. DeJong & Co., Inc. *v.* United States, protests 326624–K, 326625–K, and 328557–K (New York).

Rao, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of pole ends similar in all material respects to those the subject of *J. C. DeJong & Co., Inc. v. United States* (52 CCPA 26, C.A.D. 852), the claim of the plaintiff was sustained.

**No. P66/21.**—Hudson Shipping Co., Inc., and House of Italian Handicraft, Inc. *v.* United States, protest 189951–K (New York).

Ford, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of candlesticks and candelabra similar in all material respects to those the subject of *L. Tobert Co., Inc., and American Shipping Co.* v. *United States* (40 Cust. Ct. 586, Abstract 62036), except that the merchandise involved herein is not plated with silver on nickel, silver, or copper but is wholly or in chief value of metal but not of nor plated with platinum, gold, or silver, or colored with gold lacquer, the claim of the plaintiffs was sustained.

Before the Second Division, April 7, 1966

**No. P66/22.**—Kelvin and Hughes America Corp. *v.* United States, protests 62/5267 and 62/5249 (Baltimore).

Rao, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of echo-sounding equipment and parts thereof dedicated to use therewith, in chief value of metal, similar in all material respects to those the subject of *Kelvin & Hughes America Corp.* v. *United States* (53 Cust. Ct. 21, C.D. 2468), the claim of the plaintiff was sustained.